# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:20-CR-128-CWR-LGI**

**WILLIAM GLENN CHUNN, et al.**                                            **DEFENDANTS**

## DISCOVERY ORDER

This Order seeks to resolve defendants Aaron Matthew Rentfrow and Daniel Wade Holler's motions for an order compelling the government or Madison County Detention Center to provide a device for the defendants to view discovery. Docket Nos. 85 & 86.

This resolution has been reached with the assistance of personnel from the Madison County Detention Center, the Clerk of this Court, and USP Beaumont. The Court orders as follows:

1. The Madison County Sherriff's Office will designate one or more representatives who will be responsible for receiving discovery materials from the government and a computer from the Clerk's Office. The discovery materials and the computer will remain at the Madison County Detention Center for the duration of this case. For purposes of this order, the "duration of this case," means until this case is terminated by a dismissal of all charges, an acquittal of all charges, or until all defendants are sentenced after being found guilty and the time to file any notices of appeal has expired. At the conclusion of this case, all discovery materials are to be returned to the government.

2. The government will provide the Madison County Sheriff's Office with a flash drive for the respective defendants that contains all the discovery that has been produced to defense counsel in this matter. As the government releases further discovery, it will

provide flash drives to the Madison County Detention Center. The flash drives will be password protected and only accessible by the respective defendant and his attorney. Defense counsel will provide a large manila envelope to the Madison County Detention Center with an affixed label with the names of each defendant. Designated personnel at the Madison County Detention Center will store the flash drives in the respective defendant's envelope in a locked drawer, compartment, safe, or another secure container at the facility. The envelopes will be stored in a container that can only be accessed by officers at the facility.

3. The Clerk for the United States District Court for the Southern District of Mississippi will provide a computer that allows a user to open, view, and play the material stored on the flash drives provided by the government. The computer provided will not be capable of allowing users access to the Internet. This computer will be stored in a designated viewing room at the Madison County Detention Center where the defendants will be able to view discovery at certain designated hours. While a defendant is reviewing discovery in the designated viewing room, only that defendant, his counsel (if permitted), and Madison County Detention Center personnel can be present. No other detainees or inmates are permitted to be present in the designated viewing room while a defendant is reviewing discovery. Only the defendants and Madison County Detention Center personnel will have access to the computer.

4. Furthermore, the users will not be allowed to copy the material to the computer or to any external source. The defendants are prohibited from photographing and copying the material. The Madison County Detention Center personnel will ensure that the

        defendants do not have any photographing and copying capabilities prior to and after accessing the computer.

5. The defendants are permitted to take notes using a notepad, tablet or composition notebook, which defense counsel may provide to the Madison County Detention Center for delivery to the defendant (or counsel may deliver it to his client directly). Defendants may bring this notepad, tablet or composition notebook with them while taking part in their viewing sessions and meetings with counsel. At no time will a defendant be permitted to possess any discovery materials outside of the designated viewing room or any room designated for meeting with counsel, except that defendants may maintain his notepad, tablet or composition notebook as it may contain attorney-client or attorney work product communication and information.

6. Defendants Aaron Matthew Rentfrow, Daniel Wade Holler, and Johnathon Aaron Reynolds will be allowed to view the discovery in the designated viewing room at the Madison County Detention Center when they are detained at that facility. Each defendant will have, at a minimum, 3 hours of viewing time per week, subject to modified operations due to COVID-19. Note that modified operations due to COVID-19 cannot unduly restrict or deprive defendants' access to discovery materials. The designated personnel will ensure that the flash drives are collected and properly stored after each respective defendant's viewing session and meeting with counsel.

7. As to defendant William Glenn Chunn, who is currently housed at USP Beaumont, USP Beaumont will designate one or more representatives who will be responsible for receiving discovery materials from the government. The discovery materials will

remain at USP Beaumont for the duration of this case. For purposes of this order, the "duration of this case," means when this case is terminated by a dismissal of all charges, an acquittal of all charges, or until the defendant is sentenced after being found guilty and the time to file any notices of appeal has expired. At the conclusion of this case, all discovery materials are to be returned to the government.

8. The government will provide USP Beaumont with discs or DVDs that contain all the discovery that has been produced to defense counsel in this matter. As the government releases further discovery, it will provide discs or DVDs to USP Beaumont. The discs or DVDs will be password protected and only accessible by the defendant and his attorney. Defense counsel will provide a large manila envelope to USP Beaumont with an affixed label which will include his client's name. Designated personnel at USP Beaumont will store the discs or DVDs in the defendant's envelope in a locked drawer, compartment, safe, or another secure container at the facility. The envelope will be stored in a container that can only be accessed by officers at the facility.

9. USP Beaumont will provide a computer that allows a user to open, view, and play the material stored on the discs or DVDs provided by the government. The computer provided will not be capable of allowing users access to the Internet. Furthermore, the user will not be allowed to copy the material to the computer or to any external source. The defendant is prohibited from photographing and copying the material. USP Beaumont personnel will ensure that the defendant does not have any photographing and copying capabilities prior to and after accessing the computer. This computer will be stored in a designated viewing room at USP Beaumont where the defendant will be

able to view discovery at certain designated hours. While the defendant is reviewing discovery in the designated viewing room, only the defendant, his counsel (if permitted), and the designated personnel can be present. No other detainees or inmates are permitted to be present in the designated viewing room while the defendant is reviewing discovery.

10. The defendant is permitted to take notes using a notepad, tablet or composition notebook, which defense counsel may provide to USP Beaumont for delivery to the defendant (or counsel may deliver it to his client directly). Defendant may bring this notepad, tablet or composition notebook with him while taking part in his viewing sessions and meetings with counsel. At no time will the defendant be permitted to possess any discovery materials outside of the designated viewing room or any room designated for meeting with counsel, except that defendants may maintain his notepad, tablet or composition notebook as it may contain attorney-client or attorney work product communication and information. The defendant will be subject to a search after each viewing session and meeting with counsel.

11. Defendant Chunn will be allowed to view the discovery in the designated room at USP Beaumont when he is detained at that facility. He will have, at a minimum, 3 hours of viewing time per week, subject to modified operations due to COVID-19. Note that modified operations due to COVID-19 cannot unduly restrict or deprive the defendant's access to discovery materials. The designated personnel will ensure that the discs and DVDs, are collected and properly stored after each viewing session and meeting with counsel.

12. If and when defendant Chunn is detained at the Madison County Detention facility, the conditions as detailed in Paragraphs 1 through 6 will govern.

This Order resolves the issues of motions #85 and #86. Furthermore, this Order only permits the defendants to view discovery in a designated viewing room at their respective detention facilities and take notes; therefore, the existing protective order, Docket No. 61, is only modified to that extent. Lastly, nothing in this Order modifies the existing scheduling order, Docket No. 84.

**SO ORDERED**, this the 17th day of August, 2021.

                                      s/ Carlton W. Reeves
                                      UNITED STATES DISTRICT JUDGE