IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                                  CAUSE NO. 3:20-CR-128-CWR-LGI-5

DANIEL WADE HOLLER                                                                         DEFENDANT

**ORDER DENYING MOTION TO SEVER TRIAL**

Before the Court is Daniel Wade Holler's motion to sever trial. Docket No. 90. The Government timely opposed the motion. Docket No. 92.

**I.      Factual and Procedural History**

In 2020, a federal grand jury returned a three-count indictment against Daniel Wade Holler and four co-defendants. Holler's four co-defendants were charged with counts one and two: (1) aiding and abetting each other and others for the purpose of gaining entrance to and maintaining position in the Aryan Circle ("AC"), an enterprise engaged in racketeering activity, and assaulting an individual with a dangerous weapon which resulted in serious bodily injury; and (2) again, aiding and abetting as part of the AC, an enterprise engaged in racketeering activity, but this time for attempted murder of the same individual as count one.

Holler, however, was charged only with count three: knowing that an offense against the United States had been committed (*i.e.*, counts one and/or two), and yet assisting the offenders in order to hinder and prevent their apprehension, trial, and punishment.

The present motion followed. Holler argues that he will be prejudiced unless his trial is severed from that of his co-defendants.

**II.  Legal Standard**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In turn, Rule 14 authorizes a court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires," if joinder "appears to prejudice a defendant or the government."

The Fifth Circuit counsels that severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012) (citations omitted). This requires a showing of "clear prejudice." *United States v. Sanford,* No. 2:08-CR-42, 2008 U.S. Dist. LEXIS 63446, at *3 (N.D. Miss. Aug. 7, 2008) (citing *United States v. Welch,* 656 F.2d 1039, 1053 (5th Cir.1981)).

**III.  Discussion**

The sole issue before this Court is whether Holler has sufficiently shown "clear prejudice" if his trial is not severed from that of his co-defendants.

First, Holler points to the fact that his co-defendants are charged with counts one and two—committing violent crimes in aid of racketeering—whereas he is charged only with count three—accessory after the fact to a violent crime in aid of racketeering—as having a "prejudicial effect." This Court disagrees.

The Supreme Court has expressed a preference for joint trials of defendants who are indicted together, such as the case here. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). That Court noted the dual benefits of efficiency and the inequity of inconsistent verdicts. *Id.* Both goals are served best by keeping the trials together.

As to efficiency, the Government notes that the evidence needed to prove counts one and two overlaps substantially with the evidence needed to prove count three. Docket No. 92 at 3. To sever the trial would essentially require this Court to hear the same case twice. In the interest of judicial economy, this Court declines to do so. *See United States v. Bremers*, 195 F.3d. 221, 228 (5th Cir. 1999) (holding that "it is appropriate for the court to factor in the interests in judicial economy."). This is so even where each defendant is not charged in every count. *See United States v. Laca*, 499 F.2d 922, 925 (5th Cir. 1974) ("[I]f the defendant's acts are a part of a series of transactions, it is not necessary under Rule 8(b) that all the defendants be charged in the same count or that the evidence show that each defendant participated in precisely the same act."). Holler is charged with participating in an act that was part of "a series of acts or transactions." As the Government puts it, "[b]ut for the offenses alleged in counts 1 and 2; there would be no count 3." Docket No. 92 at 4.

Similarly, the possibility of inconsistent verdicts is non-existent if the cases are tried together. Inconsistent verdicts would involve a scenario in which Holler could be found guilty of accessory after the fact to *assault* in aid of racketeering, whereas his co-defendants could be found guilty solely of *attempted murder* in aid of racketeering. Such possibilities weigh against separate trials.

Holler then argues that certain redacted evidence will prejudice him and hinder his ability to put forth "the most complete defense" to the jury. Docket No. 90; *see also* Docket No. 112. Holler does not provide any specifics. He merely generalizes. This is insufficient to meet the showing of "clear prejudice." *See United States v. Chapman*, 851 F.3d 363, 380 (5th Cir. 2017) (holding that there was no prejudice "when the defendant merely complained broadly of the volume of evidence, the disparity of evidence between defendants, and a generalized spillover effect, but did

not point to any specific prejudice resulting from his combined trial.") (cleaned up). As a result, Holler has failed to meet his burden of proof.

Finally, Holler claims that based on transcripts from a trial against one of Holler's co-defendants in another state, the Government will attempt to introduce evidence of AC activities generally, which Holler contends, is not applicable to him and will further prejudice the jury and taint any verdict. Assuming without deciding that this material would be prejudicial to Holler, there are a number of mitigative tactics available. As the Supreme Court reiterated in *Zafiro*, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro* at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

## IV. Conclusion

Holler's motion is DENIED.

**SO ORDERED**, this the 8th day of December, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE