IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                                                    CAUSE NO. 3:20-CR-128-CWR-LGI-5

DANIEL WADE HOLLER                                              DEFENDANT

**ORDER**

Before the Court is Daniel Wade Holler's motion in *limine* to permit Holler to rely on the audio-recordings of interviews, which he claims are necessary to provide a complete and full understanding of certain Government testimony. Docket No. 100. The Government timely opposed the motion. Docket No. 106.

**I.    Factual and Procedural History**

In 2020, a federal grand jury returned a three-count indictment against Daniel Wade Holler and four co-defendants. Holler's four co-defendants were charged with counts one and two: (1) aiding and abetting each other and others for the purpose of gaining entrance to and maintaining position in the Aryan Circle ("AC"), an enterprise engaged in racketeering activity, and assaulting an individual with a dangerous weapon which resulted in serious bodily injury; and (2) again, aiding and abetting as part of the AC, an enterprise engaged in racketeering activity, but this time for attempted murder of the same individual as count one.

Holler, however, was charged only with count three: knowing that an offense against the United States had been committed (*i.e.*, counts one and/or two), and yet assisting the offenders in order to hinder and prevent their apprehension, trial, and punishment. This Court has already denied Holler's motion to sever his trial from that of his co-defendants, thus they will be jointly tried. *See* Docket No. 113.

At present issue are audio-recordings of interviews with Holler that were provided to the parties through discovery. On October 21, 2021, Holler's co-defendant Aaron Matthew Rentfrow filed a motion *in limine* to prohibit the Government from relying on the recordings at trial. Docket No. 93. Because Rentfrow was not present to cross-examine Holler during the interviews, he claims that admission of the statements at trial would violate his Sixth Amendment right to confront his accuser. *Id.* Moreover, Rentfrow claims, the interviews contain inadmissible hearsay. *Id.* The Government ultimately agreed not to introduce the recordings. Docket No. 96. Instead, it would call the agent that conducted the interview to testify. *Id.* The Government, however, asked the Court to prohibit Rentfrow from referencing the recordings on cross-examination, as this may imply to the jurors that the Government is concealing evidence. *Id.* In a separate Order, the Court agreed with this proposal. Docket No. 116.

The present motion followed. Holler argues that the Government's solution to call the agent that conducted the interview to testify is essentially the same as parroting the audio-recording. Docket No. 100. Accordingly, he claims that he and his co-defendants should be permitted to reference the audio-recording, and even submit it to the jury, to provide "a full and fair presentation." *Id.* at ¶ 5.

## II.     Legal Standard

Federal Rule of Evidence 106 concerns the common-law rule of completeness. It states that, "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."

### III.    Discussion

Holler relies on the above rule to support his argument that he should be permitted to utilize the recordings. The problem for Holler is that the Government is not introducing the recordings. Rather, it is going to call the agent that conducted the interview.

To this, Holler argues "there can be no doubt in this case that any testimony from any agent during the government's case would be quoting from the recorded statement directly." Docket No. 100, ¶ 4. The Fifth Circuit, however, foreclosed this argument in *United States v. Garcia,* 530 F.3d 348 (5th Cir. 2008). There, the court considered whether Rule 106 applies when the government does not tender a defendant's written or recorded statement and instead, solely relies on a law enforcement agent's testimony. Specifically, at trial, the law enforcement officer testified about statements the defendant made during interrogation. *Id.* at 350. The officer did not introduce a transcript or recording. *Id.* On cross-examination, defense counsel asked whether there was a recording, and then asked the agent to read aloud from a transcript, which defense counsel provided. *Id.* Upon the government's objection, defense counsel argued that the transcript was admissible under Fed. R. Evid. 106. *Id.* The trial court held that the rule was inapplicable since the government did not enter the transcript into evidence. *Id.* The Fifth Circuit affirmed, holding that "Rule 106 does not apply to a witness's testimony at trial." *Id.* at 353.

Holler's reply, Docket No. 111, is likewise unpersuasive and again, foreclosed by *Garcia*, because the Government's witness is testifying from his memory, not relaying quotes from the recordings. *See Garcia*, 530 F.3d at 353 (distinguishing *Garcia* from *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988), "[h]ere, it is undisputed that the government did not introduce as evidence the transcript or tape recording of the interrogation. . . . Nor did the government quote or read from the transcript during direct examination."). The court explained, that unlike a recording,

3

through live cross-examination, an adversary can attack the witness's credibility. *Id.* at 353-354. Thus, live testimony does not present the issues that Rule 106 seeks to resolve. *Id.*

In this case, the Government has contended that it will be calling the interviewing agent, and that he or she will be testifying as to their recollections. Further, in a separate order this Court has prohibited Holler's co-defendant Rentfrow from referencing the recordings. This, too, applies to Holler. Taken as a whole, it is not necessary for Holler to present the recordings as long as the government does not seek to introduce as evidence any part of the written or recorded statement. Rule 106 is inapplicable, and any reliance on the recordings is impermissible. *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017).

Notwithstanding the Court's ruling, Holler's other motion to authorize a court reporter to transcribe the recorded interview, Docket No. 114, is GRANTED (under the procedures set forth in Docket No. 61) in the interests of having a complete record for appeal.

## IV.     Conclusion

Holler's motion *in limine* is DENIED.

**SO ORDERED**, this the 11th day of February, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE