# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　**CAUSE NO. 3:20-CR-128-CWR-LGI**

**WILLIAM GLENN CHUNN, et al.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Before the Court is request (3) of the Government's omnibus motion in limine. Docket No. 110. At a hearing held on March 31, 2022, the Court directed the Government to submit certain documents for in camera inspection. Based on the Court's review, request (3) of the Government's omnibus motion in limine will be granted in part and denied in part.

**I.    Factual and Procedural History**

On September 22, 2020, a federal grand jury returned a three-count indictment against five defendants: William Glenn Chunn, Aaron Matthew Rentfrow, Johnathon Aaron Reynolds, Daniel Wade Holler, and Jeremy Chad Dennis. They are charged with violent crimes in aid of racketeering in connection with an assault at the United States Penitentiary in Yazoo City, Mississippi, the prison where the defendants were housed. *See* Docket No. 3. At issue today is the credibility of several of the Government's potential witnesses.

In its omnibus motion in limine, the Government moves the Court to prohibit cross-examination into prior bad acts allegedly committed by its witnesses. Docket No. 110 at 4-8. Following the March 31, 2022 Hearing, the Government submitted for in camera inspection the investigative files for potential witnesses Mackenzie Jones, Amy Kelley, Jorge Giraldo, and Dr. William Glanville. Each of these witnesses have had various misconduct allegations lodged against them, and investigations conducted by the appropriate authorities.

**II.     Discussion**

Under *Giglio v. United States*, the government is required to produce evidence affecting the credibility of prosecution witnesses. 405 U.S. 150, 153-55 (1972). This includes impeachment evidence, such as prior bad acts. *See* Fed. R. Evid. 608. Federal Rule of Evidence 611(a), however, authorizes courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

Thus, the Court conducted an in camera inspection of potential *Giglio* documents. Based upon the Courts review, the Court finds that allegations that were sustained must be produced to the defendants as soon as practicable, but no later than the close of business on May 10, 2022. These include:

- Jorge Giraldo: 2017-06762 Advising Someone to Violate Policy
- Dr. William Glanville: Unauthorized Use of an Official Government Vehicle

Allegations that were unfounded need not be produced to the defendants. These include:

- Mackenzie Jones: 2020-07605 Failure to Follow Policy
- Amy Kelley: 2021-07763 Theft/Misuse of Government Funds
- Jorge Giraldo: 2020-02615 Unauthorized Release of Information; 2021-0509 Arrest and Conviction; 2021-01042 Endangering the Safety of Others

The Court reserves ruling on the file concerning Jorge Giraldo's 2021-06456 Workplace Violence allegation, as the matter is still pending. The Court will take argument as to whether that file must be produced at a time announced by the Court.

Finally, attorneys for the Government are cautioned that these witnesses, through their testimony, may open the door to introduction of this evidence, requiring the Government's counsel to produce some or all of the material to counsel for defendants.

### III. Conclusion

The motion is granted in part and denied in part.

**SO ORDERED**, this the 9th day of May, 2022.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE